UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KRISTOFER A. STANSEL,

    Plaintiff,

v.                                                                                       4:15cv157–WS/CAS

CAPTAIN J. SIKES, et al.,

    Defendants.

## ORDER DIRECTING ENTRY OF JUDGMENT

Before the court is the magistrate judge's report and recommendation (doc. 85) docketed February 23, 2018. The magistrate judge recommends that Defendant's motion for summary judgment (doc. 80) be granted in part and denied in part. Specifically, the magistrate judge recommends that Defendant's motion be granted as to (1) Plaintiff's Eighth Amendment claim against Defendants Flanagan and Rogers; and (2) Plaintiff's request for compensatory and punitive damages. The magistrate judge recommends that Defendant's motion be denied as to Plaintiff's Eighth Amendment claim against Defendants Sikes and Sewell. Defendants have filed objections (doc. 86) to the report and recommendation.

Plaintiff has filed no objections. Unlike the magistrate judge, this judge concludes that Defendants' motion for summary judgment should be granted in its entirety.

Plaintiff's Eighth Amendment claim against Defendants Sikes and Sewell arises from an incident that occurred when Plaintiff was an inmate at Liberty Correctional Institution. Using a handheld video camera, Captain Sikes recorded the following: On the morning of June 23, 2013, two unit officers—Rogers and Sewell—reported to Sikes that Plaintiff was causing a disturbance in his cell wing by "yelling down the wing and yelling obscenities," "cursing staff," and "trying to get the attention of other inmates." Rogers and Sewell advised Sikes that Plaintiff would not follow their orders to stop his disruptive behavior. Sikes then proceeded to Plaintiff's cell and issued a "final order," warning Plaintiff that chemical agents would be administered if he did not comply when officers ordered him to stop his disruptive behavior. Without denying that he was causing a disturbance, Plaintiff told Sikes that he "understood." Because Plaintiff was calm and quiet when the "final order" was given, no chemical agents were then administered.

Within the next hour, when Plaintiff allegedly resumed his disruptive behavior,[1] Sikes directed Officer Sewell to spray Plaintiff with three one-second

---

[1] There is no video evidence of Plaintiff's behavior that precipitated the gassing.

bursts of chemical agents. A second video recording shows that, after he was gassed, Plaintiff was escorted to the shower and to medical for evaluation. As he was being escorted, Plaintiff apologized for "cussing," said he was "sorry for acting like a jackass," and stated repeatedly that he would give the officers "no more problems." Defendants contend that Plaintiff's post-gassing statements constitute evidence that Plaintiff was, in fact, disruptive, undermining Plaintiff's claim that Defendants' use of gas was unwarranted and a violation of the Eighth Amendment.

Plaintiff denies that he was causing a disturbance the morning in question and contends, instead, that Defendants' use of gas on him was an undeserved, malicious, and sadistic use of force. The video, however, belies Plaintiff's claims. While the video must be—and has been—considered in conjunction with the rest of the record evidence, this court concludes that, given the totality of the record evidence, no reasonable jury could find in Plaintiff's favor.

Accordingly, it is ORDERED:

1. Defendant's motion (doc. 80) for summary judgment is GRANTED.

2. The clerk shall enter judgment stating: "All claims against all Defendants are dismissed with prejudice."

DONE AND ORDERED this __28th__ day of __March__, 2018.

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE